IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew A. Young,<br><br>    Plaintiff,<br><br>v.<br><br>Hampton Taylor; Nurse Melissa; Lt. Tripps; and Officer Durr,<br><br>    Defendants. | C/A No. 1:23-cv-98-JFA-SVH<br><br>**ORDER** |

Matthew A. Young ("Plaintiff"), proceeding pro se, brings this civil action alleging violations of his constitutional rights by defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

After the defendants filed various dispositive motions, the Magistrate Judge assigned to this action issued corresponding orders pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion and of the need for him to file an adequate response. These orders were mailed to Plaintiff but returned as undeliverable. Plaintiff failed to notify the court of any change in address and therefore failed to comply with this court's orders. (ECF Nos. 4 & 12).

Based on Plaintiff's failure to comply, which has left this court with no means of contacting him concerning this case, the Magistrate Judge assigned to this action[1] prepared

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this

1

a thorough Report and Recommendation ("Report"). (ECF No. 58). Within the Report, the Magistrate Judge opines this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b). *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on January 4, 2024. *Id.* The Magistrate Judge required Plaintiff to file objections by January 18, 2024. *Id.* Plaintiff failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to dismissal pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes

---

Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 58). Consequently, this action is dismissed with prejudice for failure to prosecute and failure to comply with court orders.

IT IS SO ORDERED.

February 14, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

3